**SO ORDERED.**

**SIGNED August 25, 2005.**



_____
GERALD H. SCHIFF
UNITED STATES BANKRUPTCY JUDGE
_____

```
                    UNITED STATES BANKRUPTCY COURT
                    WESTERN DISTRICT OF LOUISIANA

IN RE:

ROBERT RUSSELL HICKS
HELEN SUE BRUNER HICKS                    Case Number: 05-50438

     Debtors                              Chapter 11
------------------------------------------------------------------
                         REASONS FOR DECISION
------------------------------------------------------------------
```

Robert and Helen Hicks ("Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on February 28, 2005 ("Petition Date"). The Debtors remain in possession of their property as debtors in possession as no chapter 11 trustee has been appointed.

Prior to the Petition Date, the Debtors were the owners of a condominium situated in Vail, Colorado. The property, however, had been in foreclosure and on or about December 15, 2004, the public trustee sold the property to Lawson and McCulloch. Pursuant to

Colorado law, the Debtors had a limited period of time within which to redeem the property.

On April 13, 2005, the Debtors filed a Motion to Sell seeking authority of this court to sell the Debtors' right of redemption to Save It, LLC ("Save It") for the sum of $5,000.00. The Debtors also sought an expedited hearing based upon the pending expiration of the period within which the redemption could be exercised.

The request for expedited hearing was granted and a hearing on the Motion to Sell was held on April 22, 2005. No objection to the Motion to Sell was filed and the motion was granted in open court.

Lawson and McCulloch ("L&M") have now filed a Motion to Reconsider requesting that the court vacate the order authorizing the sale to Save It. A hearing on the Motion to Reconsider was held on May 24, 2005. At that time, the court ordered the Debtors to file an additional document and the matter was taken under advisement.

**JURISDICTION**

The case has been referred to this court by the Standing Order of Reference entered in this district which is set forth as Rule 83.4.1 of the Local Rules of the United States District Court for the Western District of Louisiana. No party in interest has requested a withdrawal of the reference. The court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

These Reasons for Decision constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure.

**LAW AND ANALYSIS**

Prior to the Petition Date, the Debtors' property was purchased at foreclosure sale by L&M for $696,000.00. By virtue of the purchase, L&M was issued a Certificate of Purchase. Under Colorado law, the owner of the property has a period of time to redeem the property by repaying the holder of the Certificate of Purchase the purchase price, plus interest and expenses. In the event that neither the owner nor a junior lien holder exercises the right of redemption within the requisite period, title passes to the holder of the Certificate of Purchase. In the instant case, the Debtors sold their right of redemption to Save It, who exercised the right of redemption and reimbursed L&M the purchase price plus interest and expenses.

L&M argue that their due process rights were violated because they did not receive notice of the hearing on the Motion to Sell. The Debtors concede that they did not give notice to L&M but argue that they were unaware of the identity of the high bidder. The Public Trustee in Colorado, who administers the foreclosure process, was listed on the mailing matrix and did receive notice of the hearing. Further, both the Debtors, through Save It, and the

IRS, as the junior lien holder, had advised the Public Trustee of their intent to exercise the right of redemption. Pursuant to that notice, the Public Trustee had requested an itemization of costs from the agent for L&M.

In determining whether the due process rights of L&M were violated, the court must first determine whether any rights of L&M were affected by the specific proceeding before this court. The Debtors' motion sought solely to transfer the right of redemption owned by the Debtors. L&M had no ownership in or claim to the Debtors' right of redemption. The Debtors' possessed that right by virtue of the law of Colorado. While L&M may argue that they were affected by the ultimate exercise of the right of redemption, whether the Debtors or Save It owned that right had no impact on L&M. Regardless of the bankruptcy, the Debtor or any assignee could exercise the right of redemption and L&M had only the rights given to it under Colorado law to recoup their bid price, interest and expenses. L&M cannot argue that they had the right to purchase the Debtors' right of redemption. Under Colorado law, L&M had the right to collect funds that it had paid out. As L&M had no right with regard to the Debtors' right of redemption, they cannot argue that any due process rights were violated by virtue of the transfer of that right. Subject to court approval, the Debtors can transfer their property to whomever they choose. While it may have been a

05-50438 - #60   File 08/25/05   Enter 08/25/05 14:43:06   Main Document   Pg 4 of 5

benefit to the Debtors' estate to receive an increased bid from L&M or from any other bidder, the fact that L&M missed out on the bidding process is not a violation of any due process rights.

As the due process rights of L&M were not affected by the transfer of the right of redemption, L&M has no basis for seeking reconsideration of the order granting the Debtors' Motion to Sell. Accordingly, the Motion for Reconsideration must be DENIED. A separate order in conformity with the foregoing reasons has this day been entered into the record of this proceeding.

###